# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 10, 2011

No. 10-20334

Lyle W. Cayce
Clerk

CLAUDETTE CHAISSON, Individually, as Next Friend of the Minor J.V.C. and
as Administratrix of the Estate of J.V.C.,

Plaintiff - Appellant

KIMBERLY ROY; JOHN MICHAEL CHAISSON; CHRISTOPHER JOHN
CHAISSON,

Intervenor Plaintiffs - Appellants

v.

HORNBECK OFFSHORE SERVICES, INC.; HORNBECK OFFSHORE
TRANSPORTATION, LLC; EXXON MOBIL CORPORATION; HORNBECK
OFFSHORE OPERATORS, LLC,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-506

Before DAVIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Chaisson was an employee of a contractor who was hired to conduct an inspection of fire equipment and fire protection systems aboard Hornbeck's tug, the PATRIOT SERVICE, which was tied to a barge that was moored at Exxon's dock on the Mississippi River in Chalmette, Louisiana. After finishing his inspections, Chaisson fell overboard and drowned. Chaisson's employer's policy mandated that he wear a personal flotation device ("PFD"); although he had a PFD in his company truck, he did not utilize it. A Hornbeck deckhand also instructed him to don a PFD before exiting the fidley, the last place Chaisson was seen alive, but Chaisson did not.

The survivors of John Chaisson brought this action, claiming that the Hornbeck defendants were responsible for Chaisson's death by breaching their duties to him under 33 U.S.C. § 905(b) of the Longshore and Harbor Workers' Compensation Act and that Exxon was responsible for his death due to its negligence. The district court granted summary judgment in favor of the Hornbeck defendants and Exxon.

The district court held that the Hornbeck defendants had not breached the narrow duties owed by a shipowner  to maritime workers under § 905(b). *See Scindia Steam Navigation Co. v. De Los Santos,* 451 U.S. 156, 168–69 (1981); *Manuel v. Cameron Offshore Boats*, 103 F.3d 31, 33 n.6 (5th Cir. 1997). It further held that Exxon was not liable in negligence for Chaisson's death under Louisiana law.

"The basic principle which emerges from *Scindia* is that the primary responsibility for the safety of the [contractor's employee] rests upon the [contractor]." *Randolph v. Laeisz*, 896 F.2d 964, 970 (5th Cir. 1990). We have reviewed the briefs, pertinent portions of the record, and the applicable law and have heard the arguments of counsel. Because there is no error, the summary judgment is AFFIRMED, essentially for the reasons given by the district court.